**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATENT ONE LLC,<br><br>             Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS, AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE A,<br><br>             Defendants. | Civil Action No. 25-cv-2008<br><br>Judge: Hon. Marilyn J. Horan |

**<u>Declaration of Keaton Smith</u>**

I, Keaton Smith, declare as follows:

I am an attorney at law, duly admitted to practice before the United States District Court for the Western District of Pennsylvania. I am one of the attorneys for Plaintiff, Patent One LLC, ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

1.      According to a U.S. Customs and Border Protection report on seizure statistics, in FY 2024, 97% of intellectual property rights (IPR) seizures in the cargo environment occurred in de minimis shipments. U.S. Customs and Border Protection, Intellectual Property Rights Seizure Statistics FY 2024 at 2 (Jan. 16, 2025), available at https://www.cbp.gov/document/annual-report/fy-2024-ipr-seizure-statistics.

2.      According to a report released by the U.S. Chamber of Commerce Global Intellectual Property Center (GIPC) titled *Measuring the Magnitude of Global Counterfeiting,* global counterfeiting remains a significant problem and a substantial portion of counterfeit goods originate from or transit through Chinese and Hong Kong markets.

3.      Internet websites like the Seller Aliases are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *See* Dept. of Homeland Security, Combating Trafficking in Counterfeit and Pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue Goods at 8 (Jan. 24, 2020), available at https://www.dhs.gov/publication/combating-trafficking-counterfeit-and-pirated-goods.

4.      Based on my research, there is no treaty between the United States and China establishing recognition of judgments from United States courts in China.

5.      I am informed and believe that counterfeiters like Defendants utilize several common tactics to avoid detection or to evade civil liability.

6.      For example, I am informed and believe that counterfeiters like Defendants will often register new e-commerce stores under new aliases once they receive notice of a lawsuit.

7.      On information and belief, most, if not all, Defendants are located in China. Based on my research, there is no treaty between the United States and China establishing recognition of judgments from United States courts in China; infringement must instead be curbed by definitive domestic judgment.

8.      I am informed and believe that infringers like Defendants monitor PACER for new federal filings before an *ex parte* TRO can be imposed or service can be effectuated for the purpose of being able to move assets from their financial accounts to offshore bank accounts outside the jurisdiction of this Court and evade civil liability.

9.      Off-shore e-commerce store operators offering for sale products using infringing intellectual property typically: (1) provide false, misleading and/or incomplete names and physical

address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third- party service providers and customers. Email has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases.

10.     An investigation of the e-commerce stores operating under the Seller Aliases identified in the Complaint shows that few, if any, provide a complete and accurate physical address on the e-commerce store. In most instances, Defendants must provide an e-mail address to third-party online marketplace platforms such as Alibaba, Temu, and others when registering their account. E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the user to click a link in the e-mail. Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false and/or are not where the e-commerce store operator is located. As such, even if a physical address is available, it is not reliable or the best means for providing notice to Defendants.

11.     I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention") to which China is a signatory. The Hague Convention does not preclude service by e-mail. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 1969 U.S.T. LEXIS 152, at *16.

12.     After the entry of the Court's Minute Order, Dkt. No. 23, I or someone working on my behalf served Third-Party Amazon with discovery requests directed at: "The identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons

acting in active concert or participation with them, including all known contact information and all associated e-mail addresses; The Defendants' sales revenues and city and state for delivery of only infringing products and listing history related to their respective online marketplaces related to the infringing products in this Complaint". Amazon later complied and provided me with that information.

13.    A true and accurate copy of information obtained from Amazon regarding Defendants' sales of each infringing product into the state of Pennsylvania is attached hereto as Exhibit 1.

14.    Additionally, I or someone acting under my supervision searched for the addresses provided by each defendant in this case to third-party Amazon and found that none of the addresses provided by any defendant is the location of a real or identifiable business in the names of the defendants.

15.    Attached hereto as Exhibit 2 is a table featuring the search results for each address and a list of the real businesses operating at each address, notably none of which are defendants included in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: April 7, 2026

Respectfully submitted,

By: /s/ Keaton Smith
Keaton Smith IL #6347736
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: ksmith@whitewoodlaw.com

*Counsel for Plaintiff*